**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SYED IMRAN ASHIQ** <br><br> **Petitioner,** <br><br> **v.** <br><br> **ANGELA HOOVER, WARDEN of Clinton County Correctional Facility,** <br><br> **Respondent.** | : | **CIVIL ACTION NO. 1:26-CV-2531** <br><br> **(Judge Neary)** |

**MEMORANDUM**

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by petitioner Syed Imran Ashiq, seeking his release pending removal proceedings. Ashiq, a citizen of India, is subject to a order of removal, but has a right to appeal that order until November 2, 2026.[1] That outstanding right of appeal prevents the order of removal from becoming final. 8 U.S.C. § 1101(a)(47)(B); Riley v. Bondi, 606 U.S. 259, 267 (2025),

The Government candidly admits that the case is controlled by recent Third Circuit precedent in Gabriel Buele Morocho v. Warden, Philadelphia FDC, 189 F.4th 287 (3d Cir. 2026). In that decision, the court explained the BIA's rule interpretation—that individuals such as Singh were necessarily applicants for admission, as articulated in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA

[1] The court determined this fact via the Executive Office for Immigration Review's website. See EOIR Automated Case Information https://acis.eoir.justice.gov/en/ (last visited October 23, 2026).

2025)—was an incorrect interpretation of the governing statutes. Buele Morocho, 189 F.4th at 293-300. The court explained individuals such as Singh, who were not "engage[ed] in an ongoing affirmative act to seek admission to the United States" were not subject to Section 1225(b)(2)(A), but rather, Section 1226(a). Buele Morocho, 189 F.4th at 296-97. The government does not argue here, nor are there facts on the record to support, that Singh was seeking admission when detained. Therefore, because Buele Morocho is binding upon this court, the court considers this petition as arising under Section 1226(a).

In this light, it is apparent that the three-factor test from Matthews v. Eldridge applies. 424 U.S. 319, 355 (1976). That test asks the court to consider "(1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Buele Morocho, 189 F.4th at 306 (citing Mathews, 424 U.S. at 335) (citation modified). The first factor plainly favors the petitioner here, as mandatory detention implicates his "constitutionally protected interest in avoiding physical restraint." Kansas v. Hendricks, 521 U.S. 346, 356 (1997). As to the second factor, that also weighs in Singh's favor given that he has been detained without an opportunity to make

argument[2] before a neutral decisionmaker to assess if he is dangerous "presents a high risk of erroneously depriving Petitioner[] of [his] liberty interest." Buele Morocho, 189 F.4th at 308. The third factor weighs neutrally, as the government has a strong interest in securing dangerous detainees but Ashiq's criminal record is at best ambiguous with regards to dangerousness. Id.

The court therefore concludes that the balancing of these factors dictates the proper outcome in this matter is for Ashiq to be immediately released from ICE custody. This comports with the result of Buele Morocho, wherein the Third Circuit affirmed the district courts' release of the petitioners. Buele Morocho, 189 F.4th at 308. The court will grant the writ of habeas corpus and require the government to release petitioner.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

[2] While Ashiq was afforded a bond hearing, it was conducted *in absentia* and apparently without the benefit of counsel (Doc. 11 at 3), and so the court cannot be assured that his due process rights were adequately protected by this hearing.